Brian D. Shapiro
Nevada Bar No. 5772
Law Office of Brian D. Shapiro, a Nevada LLC
510 S. 8th Street
Las Vegas, NV 89101
Phone: (702) 386-8600
Facsimile: (702) 383-0994
E-Mail: brian@brianshapirolaw.com

*Attorney for Western Mercantile Agency, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES C. HICKEY, | Case No.: 2:19-cv-00926-JAD-VCF |
| Plaintiff, | **MOTION TO DISMISS** |
| vs. | |
| WESTERN MERCANTILE AGENCY, INC. | |
| Defendant. | |

Defendant Western Mercantile Agency, Inc. ("Western"), by and through its attorney Brian D. Shapiro, Esq., of the Law Office of Brian D. Shapiro respectfully submits its motion to dismiss Plaintiff's Complaint with prejudice.

Dated: June 25, 2019

/s/ Brian D. Shapiro, Esq.
Brian D. Shapiro, Esq.
Nevada Bar No. 5772
Law Office of Brian D. Shapiro, a Nevada LLC
510 S. 8th Street
Las Vegas, NV 89101
Phone: (702) 386-8600
Facsimile: (702) 383-0994
E-Mail: brian@brianshapirolaw.com
*Attorney for Western Mercantile Agency, Inc*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff, James C. Hickey ("Plaintiff") alleges Western is liable under the Fair Debt Collection Practices Act ("FDCPA") because after he filed bankruptcy and received a discharge, Western allegedly made a written demand to Plaintiff to collect a discharged debt. Plaintiff cannot succeed on his sole claim for relief for violation of the FDCPA for at least two reasons. .

First, Congress expressly declined to grant a private right of action for violations of a bankruptcy court's discharge injunction. Plaintiff cannot circumvent this fact by relying on the FDCPA. Second, Plaintiff's attempt to improperly recast an alleged discharge violation under the FDCPA—in an attempt to take advantage of the more lucrative provisions under the FDCPA—is not allowed. Because the FDCPA claims are based on a violation of the discharge injunction, the FDCPA must give way to the remedies provided for by the Bankruptcy Code.

For these reasons, the Court should grant Western's motion to dismiss with prejudice.

## II. FACTUAL BACKGROUND.

1. On October 1, 2018, Plaintiff filed Chapter 7 bankruptcy, listing Western's assignor, Coos Bay Sanitary ("Sanitary"), as a creditor[1]. ECF No. 1 at ¶ 7-9.
2. On January 8, 2019, Plaintiff received an Order of Discharge. ECF No. 1 at ¶ 10.
3. Sanitary was served with the Order of Discharge. ECF No. 1 at ¶ 11.
4. On April 9, 2019, Plaintiff received a letter from Western. ECF No. 1 at ¶ 14.
5. Plaintiff alleges this one letter violates the FDCPA. ECF No. 1 at ¶ 23-40.

---

[1] For the Court's convenience, a filed stamp copy of the complaint is attached hereto as Exhibit 1 but is referenced within this motion as ECF No 1.

2

## III. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b) (6) tests the legal sufficiency of the claims in the Plaintiffs' Complaint. The review is limited to the Complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. Nevada Cty., Cal.*, 824 F.2d 735, 737 (9th Cir. 1987).

"To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009).

A Plaintiffs' factual allegations must raise a right to relief "above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007); § 1216Statement of the Claim—Significance of "Claim for Relief", 5 Fed. Prac. & Proc. Civ. § 1216 (3d ed.) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion of a legally cognizable right of action").

It is the Plaintiffs' obligation to provide the "grounds" of his entitlement to relief which requires more than labels and conclusions. *Id.*

A Complaint does not suffice "if it offers naked assertions devoid of further factual enhancement." *Ashcroft*, 556 U.S. 662, *129 S. Ct. at* 1949 "Where a Complaint pleads facts that are 'merely consistent with a defendant's liability', it 'stops short of the line between possibility and plausibility of entitlement to relief.' It demands more than an unadorned, the defendant unlawfully harmed me accusation." *Id.*

The Court should dismiss Plaintiff's Complaint with prejudice because Plaintiff failed to state any plausible claims for relief against Western.

IV. **NO PRIVATE RIGHT OF ACTION EXISTS FOR ALLEGED DISCHARGE VIOLATIONS.**

There is no private right of action for alleged violations of a discharge injunction. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 509 (9th Cir. 2002) ("We agree and hold that a private cause of action is not available under § 524, or through § 105.")  This includes claims for violations of the FDCPA. *Id.* at 510.  This would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors by permitting (and limiting) debtors' remedies for violating the discharge injunction to contempt." Id.

Plaintiff is trying to sidestep this well-known restriction through § 105 (a), which grants contempt powers in the bankruptcy context.  See *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1554 (11th Cir. 1996).  While § 105 (a) supports a contempt motion, it does not authorize a separate cause of action in this Court.  See *Walls,* 275 F.3d at 504 ("We agree, and hold that a private cause of action is not available under § 524, or through § 105.")  Plaintiff's FDCPA claim should be dismissed with prejudice.[2]

V. **PLAINTIFF'S FDCPA CLAIM IS PREEMPTED BY THE BANKRUPTCY CODE.**

Plaintiff cannot succeed with Plaintiff's FDCPA claims because any claim based on an alleged violation of the discharge injunction is preempted by the Bankruptcy Code.  The Ninth Circuit addressed this very issue in *Walls*.  The issue in *Walls* concerned the solicitation and collection of monthly mortgage payments after the appellant's personal liability for the underlying debt had been discharged through her chapter 7 bankruptcy. *Id.* at 505.  The *Walls* court found

---

[2] See, *Chaney v. Bayview Loan Servicing, LLC*, No. 2:16-cv-01418-APG-CWH, 2017 WL 3836122 (D. Nev. Mar. 14, 2017); 2017 U.S. Dist. Lexis 216423 (D. March 14, 2017) (Holding that Plaintiff's sole remedy against Bayview for sending mortgage statements after she received a bankruptcy discharge is a contempt motion in bankruptcy court.).  Western's citation to this unpublished decision acknowledges that "[a] decision by one judge in this district is not binding on any other district judge." See, LR IA 7-3 (3).

4

1  that because a contempt motion is the exclusive remedy intended by Congress for violations of the
2  discharge injunction, a debtor may not bring a FDCPA claim based on post-discharge collection
3  attempts because "to permit a simultaneous claim under the FDCPA would allow through the back
4  door what Walls cannot accomplish through the front door—a private right of action." *Id.* At 509-
5  10.

6  Here, Plaintiff's FDCPA claim is based solely on the claim that Plaintiff received a chapter
7  7 discharge in bankruptcy. Western allegedly sent the one letter to Plaintiff. Whether that letter
8  violated the discharge injunction is a determination for the bankruptcy court alone, and the FDCPA
9  claims based on alleged discharge injunction violations should be dismissed with prejudice.

10 **VI.   CONCLUSION.**
11  For the above reasons, this Court should dismiss Plaintiff's Complaint with prejudice.
12  Dated:  June 25, 2019.

```
                                      s/ Brian D. Shapiro
                                      Brian D. Shapiro
                                      Nevada Bar No. 5772
                                      Law Office of Brian D. Shapiro, a Nevada LLC
                                      510 S. 8th Street
                                      Las Vegas, NV 89101
                                      Phone:  (702) 386-8600
                                      Facsimile:  (702) 383-0994
                                      E-Mail:  brian@brianshapirolaw.com
                                      Attorney for Western Mercantile Agency, Inc.
```

CERTIFICATE OF SERVICE

    I hereby certify that I am an employee of Law Office of Brian D. Shapiro, a Nevada LLC, and that on June 25, 2019, and pursuant to Fed. R. Civ. P. 5, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Nicholas M. Wajda
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Suite 200
Henderson NV 98052

*Attorneys for Plaintiff*

                                                s/ Brian D. Shapiro
                                                Brian D. Shapiro
                                                Nevada Bar No. 5772
                                                Law Office of Brian D. Shapiro, a Nevada LLC
                                                510 S. 8th Street
                                                Las Vegas, NV 89101
                                                Phone:  (702) 386-8600
                                                Facsimile:  (702) 383-0994
                                                E-Mail:  brian@brianshapirolaw.com

*Attorney for Western Mercantile Agency, Inc.*

# EXHIBIT 1

NICHOLAS M. WAJDA
Nevada State Bar No: 11480
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
Email Address: nick@wajdalawgroup.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| JAMES C. HICKEY,<br><br>    Plaintiff,<br><br>    v.<br><br>WESTERN MERCANTILE AGENCY, INC.,<br><br>    Defendant. | Case No. 2:19-cv-00926<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

**NOW COMES**, James C. Hickey ("Plaintiff"), by and through his attorneys, Law Offices of Nicholas M. Wajda, Esq., complaining as to the conduct of the Defendant, Western Mercantile Agency, Inc. ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 et seq.

#### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District Nevada, a substantial portion of the events or omissions giving rise to the claims occurred within the District of Nevada, and Plaintiff resides in the District of Nevada.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a collection agency with its principle office located at 165 South 5th Street, Suite A, Coos Bay, Oregon 97420.

6. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Nevada.

### BANKRUPTCY CASE

7. Prior to the conduct giving rise to these claims, Plaintiff defaulted on a Coos Bay Sanitary ("creditor") utility bill ("subject debt").

8. On October 1, 2018, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, District of Nevada, Case Number 18-15924 ("bankruptcy").

9. Plaintiff's bankruptcy petition listed Coos Bay Sanitary as a creditor.

10. On January 8, 2019, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject debt.

11. Creditor was served with the Discharge Order entered in Plaintiff's bankruptcy case.

12. Pursuant to 11 U.S.C. §524 and §1328, Plaintiff's personal liability on the subject debt was extinguished, thus terminating the business relationship with creditor, and any of its successors and assigns, including Defendant.

### DEFENDANT'S POST-DISCHARGE COMMUNICATIONS

13. At some point after Plaintiff's bankruptcy discharge, Defendant was assigned or purchased the subject debt from Creditor to collect from Plaintiff personally. Upon Information and belief, Defendant received actual notice of Plaintiff's bankruptcy discharge from the Creditor as part of its loan on-boarding process.

14. On April 9, 2019, Plaintiff received a collection letter from Defendant attempting to collect on the subject debt. *See* Exhibit A, a true and accurate copy for Defendant's April 9, 2019 collection letter sent to Plaintiff.

15. The collection letter demanded payment by stating: "You have a choice, either remit full payment to our office or contact our collection staff to make arrangements to clear your balance in full."

16. The collection letter instructed Plaintiff on how to make payments to Defendant, and included a payment coupon that stated: "Tear off and remit top portion with payment to Western Mercantile Agency, Inc."

17. Defendant's collection efforts were highly confusing and upsetting to Plaintiff as he was led to believe that his bankruptcy had no legal effect and that he was still personally liable and obligated to pay on the subject debt; which was the driving force in his decision to seek bankruptcy protection.

**DAMAGES CAUSED BY DEFENDANT'S POST-DISCHARGE COMMUNICATIONS**

18. All of Defendant's collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing and subsequent discharge.

19. Despite having actual knowledge of Plaintiff's bankruptcy discharge, Defendant brazenly sent a collection letter to Plaintiff in an attempt to collect on the subject debt.

3

20. Concerned about the violations of his rights and protections afforded by his Chapter 7 bankruptcy filing and subsequent discharge, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts finally cease.

21. Plaintiff has expended time consulting with his attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

22. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt and suffered emotional distress and mental anguish as Defendant's collection activities led him to believe that he was still liable on the subject debt.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail to collect allegedly delinquent consumer accounts.

27. Defendant is a "debt collector" because it acquired the right to collect or attempt to collect on the subject debt after it was in default and after Plaintiff's bankruptcy discharge. 15 U.S.C. §1692a(6).

28. Defendant's collection communications to Plaintiff were made in connection with the collection of a debt.

29. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action,

4

the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

30. Defendant violated 15 U.S.C. §1692 e, e(2), e(10), f, and f(1) through its efforts to collect a debt discharged in a Chapter 7 bankruptcy.

### a. Violations of FDCPA § 1692e

31. Defendant violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment of the subject debt because it was discharged in Plaintiff's Chapter 7 bankruptcy. Specifically, Plaintiff did not have any legal or personal obligation to pay Defendant after Plaintiff's bankruptcy discharge on January 8, 2019.

32. Defendant had actual knowledge that the subject debt was included and discharged in Plaintiff's Chapter 7 bankruptcy from each of its predecessor creditor. Thus, Defendant had actual knowledge of Plaintiff's bankruptcy discharge when it on-boarded the subject debt from its predecessor.

33. Defendant attempted to coerce and dragoon the Plaintiff into paying a debt that was not legally owed by sending Plaintiff a collection letter after Plaintiff's bankruptcy discharge of the subject debt.

34. Defendant violated §1692e(10) when it used false representations and/or deceptive means to collect and/or attempt to collect the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of Plaintiff's bankruptcy discharge.

### b. Violations of FDCPA § 1692f

35. Defendant violated §1692f when it used unfair and unconscionable means to collect the discharged subject debt. The subject debt was not owed at the time Defendant demanded payment

5

by virtue of the discharge injunction. Plaintiff did not have any legal obligation to pay Defendant after Plaintiff's bankruptcy discharge on January 8, 2019. Instead, Defendant tried to dragoon Plaintiff into making a payment by trying to convince him that the subject debt was still outstanding.

36. Defendant violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law as the discharge injunction precludes collection of any discharged debt. Specifically, Plaintiff did not have any legal obligation to pay Defendant after Plaintiff's Chapter 7 discharge.

37. As pled above, Plaintiff was severely harmed by Defendant's conduct.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was discharged in bankruptcy.

39. Defendant knew or should have known that Plaintiff's discharged debt was uncollectable as a matter of law.

40. Upon information and belief, Defendant systematically attempts to collect debts that have been discharged in bankruptcy.

**WHEREFORE**, Plaintiff JAMES C. HICKEY respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from further sending Plaintiff anymore collection letters;
c. Award the Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 31, 2019          Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
LAW OFFICES OF NICHOLAS M. WAJDA, ESQ.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702)-900-6339
Email Address: nick@wajdalawgroup.com

7

# Exhibit A

WESTERN MERCANTILE AGENCY, INC.
Professional Debt Collection Agency
165 S 5TH ST, SUITE A
COOS BAY OR 97420-1645
Phone:  **541-267-7086**
Toll Free: 1-800-526-3057

Account # 609155

Balance $975.58

Payment enclosed: _____
Note address changes below

DATE: 04-09-19

HICKEY, JAMES CHRISTOPHER
3415 GARDEN EAST DR
LAS VEGAS NV 89121

---------------------------------------------------------------------------------
Tear off and remit top portion with payment to Western Mercantile Agency, Inc.

You have a choice, either remit full payment to our office or contact our collection staff to make arrangements to clear your balance in full.

We accept Debit and Credit cards online at www.westernmerc.com and click on Make a Payment.

Very truly yours,

WESTERN MERCANTILE AGENCY, INC.

THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

ACCOUNT # 609155

| | | | |
|---|---|---|---|
| LOWER UMPQUA VETERINARY HOSP | PRINCIPAL BALANCE | $ | 413.74 |
| 21418 | ASSIGNED CLIENT INTEREST | $ | 12.51 |
| DATE OF LAST  CHARGE: 04-09-18 | WMA INTEREST | $ | 37.24 |
| DATE OF LAST PAYMENT: | TOTAL | $ | 463.49 |
| | | | |
| COOS BAY SANITARY | PRINCIPAL BALANCE | $ | 451.85 |
| 1001457 | ASSIGNED CLIENT INTEREST | $ | 14.56 |
| DATE OF LAST  CHARGE: 02-23-18 | WMA INTEREST | $ | 45.68 |
| DATE OF LAST PAYMENT: | TOTAL | $ | 512.09 |
| | | | |
| | TOTAL | $ | 975.58 |

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | | | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury - Medical Malpractice | | | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - Other | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.)**

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

|  |  |  |
|---|---|---|
| JAMES C. HICKEY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| *Plaintiff(s)* | | |
| v. | | Civil Action No. 2:19-cv-00926 |
| WESTERN MERCANTILE AGENCY, INC., | | |
| *Defendant(s)* | | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Western Mercantile Agency, Inc.
c/o Registered Agent
Michelle Gallino
165 South 5th Street, Suite A
Coos Bay, OR 97420

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Nicholas M. Wajda
Law Offices of Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:19-cv-00926

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: